UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANGEL GUZMAN,

                      Petitioner,

    - against -

WILLIAM P. MAZZUCA, Superintendent, etc.

                      Defendant.
------------------------------------------------------------x

04 Civ. 10150 (CLB) (MDF)

***Memorandum and Order***

Brieant, J.

    Before the Court for decision is the Petition for a writ of *habeas corpus* filed by state prisoner, Mr. Angel Guzman. The Petition was filed December 23, 2004 and shows on its face receipt by our Pro se Office on November 24, 2004 and prior receipt in the Eastern District of New York on November 12, 2004.

    Following a bench trial in the County Court of Orange County before Judge DeRosa, without a jury, Mr. Guzman was convicted on April 9, 1998 of the Criminal Sale of a Controlled Substance in the Third Degree and Two Counts of Criminal Possession of a Controlled Substance in the Third Degree. He was acquitted of the remaining charges in the Indictment. On May 26, 1998, the Court sentenced Petitioner as a Second Felony Offender to concurrent, indeterminate terms of imprisonment of twelve and one-half to twenty-five years on each Count.

    The conviction was affirmed on April 5, 2004 by the Appellate Division of the New York Supreme Court (*People v. Guzman*, 6 A.D. 3d 457 (2004)) and leave to appeal was denied

-1-

by the Court of Appeals on June 23, 2004 (*People v. Guzman*, 3 N.Y. 3d 641 (2004)). The Petition is timely.

The underlying facts are simple. On October 24, 1997 shortly after 7:00 p.m., Petitioner acting in concert with Jennifer Mell and Bridget Kellam, also charged, sold two packets of heroin to an undercover police officer. The transaction took place inside Kellam's home in the City of Port Jervis. Thereafter, on October 30, 1997 at about 8:55 p.m., police executing a search warrant for the home of Ms. Kellam seized fifteen packets of heroin and other drug paraphernalia. Jennifer Mell and Bridget Kellam were each convicted on their pleas of guilty.

There was nothing significant or unusual about the trial except that a court reporter, Ms. Maureen Vomero, failed to produce an adequate transcript of two of the trial days at which the arresting officers and the chemist testified. The Court thereafter conducted a "reconstruction hearing" where the transcript was completed in accordance with regular procedure employed in such circumstances in the New York State Courts.

In his Petition, the grounds alleged are: (1) ineffective assistance of counsel/trial attorney in connection with the efforts by the trial court to reconstruct the transcript of the two days of trial taken by Ms. Maureen Vomero; (2) that Petitioner was deprived of his right to appeal by way of an inadequate record from an improperly held reconstruction hearing and; (3) that Petitioner's appellate counsel was "stonewalled" by the District Attorneys Office in connection with the need to reconstruct the transcript and perfect his appeal and (4) trial court's refusal to

admit co-defendant Jennifer Mell's claimed excited entrance. During the execution of the search warrant, Ms. Mell said to the officers "he's not involved," referring to the Petitioner. The trial court ruled that this was not an excited entrance within the definition thereof found in the New York cases.

On direct appeal, by its Decision and Order dated April 5, 2004, the Appellate Division of the New York Supreme Court, 2d Judicial Dept., held that its "review of the reconstructed [trial] minutes satisfactorily demonstrates that the hearing court, with the aid of both the Defense Counsel and the Prosecutor, succeeded in reconstructing certain errors and omissions of the record. We note that the corrections to the record were relatively minor and the Defendant has not identified the existence at any specific appealable issue raised by the reconstructed minutes (citation omitted). Moreover, the Defendant's mere assertion without more, that the record is incomplete is insufficient to warrant reversal."

The Appellate Division concluded that Defendant's contention that he was denied the effective assistance of counsel at the reconstruction hearing was without merit. It appears from the state record that the court reporter, Ms. Vomero, was under a physical or mental disability of some sort which impaired her ability to produce an accurate transcript of the portion of the trial at which she served. This unavailability of an accurate record was not because of any active fault on the part of the Prosecution. The death and/or disability of a court reporter is a foreseeable event in all court systems. Here a muddled sort of transcript was eventually produced and it was corrected at a hearing with the aid of the Prosecutor, the Defense Attorney and the Trial Judge.

Under the totality of the circumstances presented, this Court agrees with the Appellate Division that "it does not necessarily follow from the fact that [the minutes'] absence compels resort to a less perfect record, that the right to appeal must be deemed to be frustrated."

Failure of the Prosecutor to cooperate with processing the appeal, if such there was, is not a ground for relief arising to the level of Constitutional magnitude. This Court also agrees that the trial court as found by the Appellate Division, properly excluded the hearsay statement made by the co-defendant, Jennifer Mell. The Appellate Division found that the Petitioner had failed to establish that the statement was made under the stress of excitement caused by an external event sufficient to still the witnesses reflective faculties thereby preventing opportunity for deliberation which might lead the declarant to be untruthful. This is consistent with the New York Law of Evidence, and reliance thereon by the Appellate Division does not rise to the level of a due process violation.

Respondent argues as a fallback position that Petitioner's own testimony, elicited apparently in an effort to defeat the felony charges by admitting to the misdemeanor charges, conceded possession of the heroin thereby rendering the exclusion harmless error. This Court need not and does not rely on that particular argument.

There is no basis in the record for this Court to find that the Appellate Division's adjudication of the claims resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United

States or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This being so, by reason of Title 28 U.S.C. § 2254(d)(1) and (2), this Petition must be and is hereby is denied.

The Clerk of the Court shall file a final judgment. A Certificate of Appealability will not be issued because the case presents no legal question deserving of Appellate review.

X
    X
        X
            X
                X
                    X
                        X
                            X
                                X
                                    X
                                        X
                                            X

SO ORDERED.

Dated: White Plains, New York
April 29, 2005

_____
Charles L. Brieant, U.S.D.J.